OPINION JUDGMENT ENTRY
{¶ 1} This is an appeal from the trial court's denial of Appellant American Motorist Insurance Company's Motion for Summary Judgment.
{¶ 2} Appellees are Diana and Thomas Lawrence.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} Plaintiffs-Appellees Diana Lawrence and Thomas Lawrence filed a lawsuit seeking to recover UM/UIM benefits from American Motorist Insurance Company (American Motorist) for a motor vehicle accident which occurred on May 30, 2001.
{¶ 4} Plaintiffs-Appellees also named Candice Cole and American Select Insurance Company (American Select) as defendants in said lawsuit.
{¶ 5} American Motorist filed a counterclaim for declaratory judgment.
{¶ 6} American Select filed a cross-claim against American Motorist.
{¶ 7} Candice Cole failed to answer or otherwise plead.
{¶ 8} On November 24, 2003, Plaintiffs-Appellees voluntarily dismissed their complaint against American Motorist Insurance Company. American Motorist's declaratory judgment action remained pending.
{¶ 9} On December 1, 2003, American Motorist filed a Motion for Summary Judgment on its declaratory judgment action.
{¶ 10} On December 3, 2003, the trial court denied American Motorist's motion for summary judgment, finding same to be moot based on the Plaintiff's voluntary dismissal of American Motorists as a party.
{¶ 11} Appellant American Motorist filed a Motion for Reconsideration.
{¶ 12} Appellant American Motorist also filed this appeal.
{¶ 13} Subsequent to the filing of this appeal, the trial court granted Appellant American Motorist's Motion for Reconsideration and granted its Motion for Summary Judgment.
{¶ 14} Because the trial court was divested of jurisdiction to rule upon said Motion for Reconsideration, Appellant asks that this court to reverse the original ruling of the trial court denying the Motion for Summary Judgment, or in the alternative, to remand this matter to the trial court to allow it to rule upon said Motion for Reconsideration.
{¶ 15} Appellant sole assignment of error for review is as follows:
 ASSIGNMENT OF ERROR
{¶ 16} "The trial court erred in its initial denial of american motorist's motion for summary judgment."
{¶ 17} "Summary Judgment Standard"
{¶ 18} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:
{¶ 19} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
{¶ 20} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107.
{¶ 21} It is based upon this standard that we review appellants' assignments of error.
 I.
{¶ 22} In its sole assignment of error, Appellant claims that the trial court erred in denying its Motion for Summary Judgment as moot. We agree.
{¶ 23} Appellant's counterclaim was still pending when it filed its Motion for Summary Judgment in this matter and therefore the trial court should have considered the arguments made therein instead of finding that same was moot.
{¶ 24} The policy sub judice contained express uninsured/underinsured motorist coverage. The definition of an "insured" under the uninsured/underinsured motorist provisions of the policy is similar to the definition in Scott-Pontzer v.Liberty Mutual Fire Insurance Co., 85 Ohio St.3d 660,1999-Ohio-292.
{¶ 25} After the trial court issued its ruling, the Ohio Supreme Court decided Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, and In re: Uninsured UnderinsuredMotorist Coverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888.
Therein, the Ohio Supreme Court limited Scott-Pontzer ". . . by restricting the application of uninsured and underinsured motorist coverage issued to a corporation to employees only while they are acting within the course and scope of their employment, unless otherwise specifically agreed." Galatis, supra at 2.
{¶ 26} Because neither the parties nor the trial court had the benefit of the Galatis or In re: Uninsured and UnderinsuredMotorist Coverage Cases decisions, we vacate the trial court's judgment and remand the case to the trial court to reconsider the Appellant's motion for summary judgment in light of those intervening Supreme Court decisions.
{¶ 27} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby vacated and this matter is remanded to that court for further proceedings.
Boggins, J., Wise, P.J. and Edwards, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the decision of the Licking County Court of Common Pleas, Licking County, Ohio, is vacated and remanded for proceedings consistent with this opinion. Costs assessed to Appellees.